**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 00-30056**

**In Re:  JOSEPH W. THOMAS,**

**Appellee.**

--------------------------------------------------

**JOSEPH W. THOMAS,**

**Appellee,**

**VERSUS**

**COOPER/T. SMITH STEVEDORING COMPANY, INC.,**

**Movant-Appellant.**

Appeal from the United States District Court
For the Eastern District of Louisiana
(99-CV-1672-B)

February 22, 2001

Before HIGGINBOTHAM and DeMOSS, Circuit Judges, and FISH[*], District
Judge.

PER CURIAM:[**]

---

[*]District Judge of the Northern District of Texas, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under

Cooper/T. Smith Stevedoring Company ("Cooper") appeals from an order entered by the district court, Judge Ivan L. R. Lemelle presiding, which denied Cooper's motion for sanctions, costs, and attorneys' fees against Joseph W. Thomas, Esquire ("Thomas"), who had prosecuted an allegedly frivolous action against Cooper before the Department of Labor. The motion for sanctions was presented to the district court by referral from an Administrative Law Judge ("ALJ") pursuant to 29 C.F.R. § 18.29(b).

Thomas originally filed and prosecuted a claim on behalf of six alleged dependents of James Thomas, Sr. (no relation to Appellee), seeking death benefits under the Longshore and Harborworkers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.* Thomas employed the services of one of his new associates, Pauline Feist, to handle the case. On December 8, 1998, the ALJ assigned to the case granted summary judgment against three of the claimants. Thomas was provided an opportunity to develop evidence of dependency with respect to the remaining three claimants. At trial, and after arriving late, Thomas behaved belligerently and discourteously toward both his opposing counsel and the ALJ. And the evidence presented at trial by Cooper conclusively established that in fact the three remaining claimants were adults, fully capable of supporting themselves at the time of their father's death. Shortly after the trial, and after researching the

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dependency issue himself, Thomas attempted to voluntarily dismiss his clients' claim, but the ALJ instead granted Cooper's second motion for summary judgment.

Following the grant of summary judgment, the ALJ, clearly upset by Thomas's unprofessional conduct, referred the question of whether sanctions should be imposed against Thomas to the district court. The ALJ did so pursuant to 29 C.F.R. § 18.29(b), which permits referral of the issue of sanctions to the district court in light of the fact that the ALJ has no authority to impose sanctions itself. *See, e.g., **Boland Marine & Mfg. v. Rihner***, 41 F.3d 997, 1002 (5th Cir. 1995). Cooper attempted to intervene in the sanctions referral in order to request its attorneys' fees for defending an allegedly frivolous claim, but the district court denied intervention as the issue of attorneys' fees was not presented as part of the ALJ's referral, and intervention was, thus, premature. The district court ultimately remonstrated Thomas and ordered him to attend five hours of CLE training on professionalism.

The ALJ issued a second referral for sanctions to the district court, this time specifically addressing Cooper's request for attorneys' fees under 28 U.S.C. § 1927. In its factual findings, the ALJ concluded that there was no factual basis for the dependency claims presented by Thomas on behalf of any of the six claimants, and the ALJ concluded that the claims were frivolous

from inception. According to the ALJ, Thomas "knowingly" prosecuted six baseless claims. The district court conducted a hearing on Cooper's motion and ultimately concluded in a brief written order that sanctions were not warranted "under the facts of this case." At the conclusion of the hearing, the district court noted its familiarity with Thomas's reputation as an attorney based on twenty years of association. Additionally, the district court concluded, *inter alia*, that it was unwilling to conclude that Thomas "knowingly" prosecuted baseless claims.

As a preliminary matter, we note that we have supplemented the record of this case with the second order of referral by the ALJ, which the district court clearly considered and relied upon. With respect to the issue before us, that is, whether the district court erred in refusing to impose sanctions against Thomas for prosecuting allegedly frivolous claims, having carefully reviewed the entire record of this case and having fully considered the parties' respective briefing on the issue in this appeal, we find no basis for concluding that the district court abused the broad discretion conferred upon it in deciding whether to impose sanctions. Section 1927 specifically provides that an attorney *may* be subject to sanctions for the excess costs and attorneys' fees when the attorney "so multiplies the proceedings in any case unreasonably and vexatiously." If Thomas's conduct rose to such a level, we have consistently held that even where a district court

4

finds bad faith, it may exercise its equitable discretion and refrain from imposing sanctions. *See* **Warren v. Reserve Fund, Inc.**, 728 F.2d 741, 748 (5th Cir. 1984). Finding no compelling basis for disturbing the district court's exercise of its equitable discretion, we therefore AFFIRM the order of this district court for the reasons stated both in its order and at the hearing on Cooper's motion for sanctions.

**AFFIRMED.**